UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARY DELGADO,

                Plaintiff,

   -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
FRANK ALTIERI, AND
N.Y.C. POLICE OFFICER
"JOHN DOE", EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

             Defendants.

-----------------------------------------------------------X

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of New York County, New York City in New York State.

4. At all times hereinafter mentioned, the Defendant Police Officers were employees of the

1

New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about April 11, 2013, at approximately 6:05 A.M., Plaintiff was at home at 60 Columbia Street, #9B, in Manhattan, New York.

10. At that time, the defendant officer and other members of the NYPD entered her home pursuant to a search warrant, of which her husband Robert Amador was the target.

11. Upon information and belief, the police possessed evidence that Robert Amador was involved in the illegal possession and sale of narcotics.

12. When the police entered Plaintiff's residence on April 11, 2013, Robert Amador was not present.

13. Upon information and belief, the officers searched the premises and recovered two large

bags of what appeared to be cocaine in a hallway closet.

14. At that time Plaintiff admitted to the police that she resided in the apartment and was married to Robert Amador, but denied any knowledge whatsoever about the existence of drugs in the apartment.

15. Plaintiff was arrested and charged with felony possession of these drugs notwithstanding the lack of probable cause to arrest Plaintiff.

16. It is common knowledge to trained police officers that just because a person resides in an apartment does not provide probable cause to arrest that person absent some evidence of her "constructive possession".

17. In this case, Robert Amador was the only person that could be reasonable connected to these drugs.

18. Plaintiff was incarcerated for approximately three days before being released from jail.

19. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

20. Defendant City knew or should have known that prior to May 24, 2004, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

21. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

**FIRST CAUSE OF ACTION FOR**
**VIOLATION OF CIVIL RIGHTS**

22. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

23. As a result of their actions. Defendants, under "color of law", deprived plaintiff of her right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

24. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

25. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of her physical liberty.

**SECOND CAUSE OF ACTION**
**FOR VIOLATION OF CIVIL RIGHTS**

26. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

27. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

28. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
April 6, 2016

                                    RESPECTFULLY,

                                    /s/

                                  STEVEN A. HOFFNER, ESQ.
                                  Attorney for the Plaintiff
                                  350 Broadway, Suite 1105
                                  New York, New York 10013
                                  Tel:    (212) 941-8330
                                  Fax:   (212) 941-8137
                                  (SH-0585)

VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       April 6, 2016

                                        /s/
                                        STEVEN A. HOFFNER, Esq.